IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MEGAN MARIE BOLINDER                                                                    PLAINTIFF

vs.                                         CASE NO. 5:24-CV-05174

J. DAVID JOHN                                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 19, 2024, United States District Judge Timothy L. Brooks referred this matter to the undersigned. (ECF No. 7). The undersigned *sua sponte* addresses whether the District Court properly exercises jurisdiction over this matter, and finding that it does not, recommends this case be remanded to the Benton County Circuit Court.

1.  The above-captioned matter was removed pursuant to "Federal Question" jurisdiction on August 12, 2024, by J. David John. (ECF Nos. 1, 2).

2.  The removed action has been pending in the Benton County, Arkansas Circuit Court for more than fourteen (14) years, and is styled *J. David John (Plaintiff) v. Megan Marie Bolinder (Defendant)*, Case No. 04DR-10-1327. This action is a domestic relations matter involving child custody and visitation.

3.  The pleading which prompted state court Plaintiff J. David John to initiate removal to U.S. District Court is Defendant Megan Marie Bolinder's Amended Petition for Contempt and for Modification of Visitation and Request for Emergency Relief which was filed in the state court action on July 26, 2024. (See ECF No. 3). Megan Marie Bolinder alleges, among other things, that J. David John failed to return their minor child following summer visitation.

4.  The Court makes the following observations concerning J. David John's removal of

this case:

* Generally, "[a] civil case commenced in state court may ... be removed by the **defendant** to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (emphasis added) (citing 28 U.S.C. § 1441). Thus, a litigant who removes a case to federal court pursuant to 28 U.S.C. § 1441(a) must be a defendant in the removed action. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019)("Section 1441(a) . . . limits removal to 'the defendant or the defendants' in a 'civil action' over which the district courts have original jurisdiction.") J. David John is the plaintiff in the state court action, and his plaintiff status is not obviated by the fact that the litigant who currently seeks relief from the state court is the defendant. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Cases improvidently removed must be remanded. 28 U.S.C. § 1447©.

* Additionally, federal courts lack jurisdiction over domestic relation matters such as the issuance of divorce, allowance of alimony or child custody; this is known as the domestic relations exception to federal jurisdiction which has been recognized for more than 180 years. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (distinguishing a family tort claim from a child custody claim). State courts have exclusive jurisdiction over these matters. *Id.*, at 703-704.

* Even if this court could properly exercise jurisdiction, it would abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) as applied by *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432 (1982). The Supreme Court has made clear that lower federal courts must decline to hear challenges to pending state actions involving important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("[f]amily relations are a traditional area of state concern."); *Lewis v. Seventh Cir. Ct. - S.D. Unified Jud. Sys.,* 2018 WL 7247048, at *3 (D.S.D. Nov. 28, 2018) (explaining that domestic relations is "a traditional area of state concern where

federal abstention is particularly important").

Here, there has been an ongoing domestic proceeding in Benton County Circuit Court since 2010 which implicates important state interests and that state proceeding provides an adequate opportunity to raise all manner of challenges, including constitutional ones. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004).  The Court further observes that the timing of J. David John's removal suggests removal is a direct attempt to obstruct or interfere with ongoing efforts by one parent – who seeks from the other – the return of a minor child and exercise of the state court's contempt power.  "[A]s a matter of policy and comity, these local problems should be decided in state court." *Overman v. United States*, 563 F.2d 1287 (8th Cir. 1977).

\*       Even if J. David John could jump over all of these hurdles, the *Rooker-Feldman*[1] doctrine would preclude this Court's exercise of jurisdiction.  The *Rooker–Feldman* doctrine "applies to cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284, 287 (2005).  Here, it appears the state court previously adjudicated the rights and obligations of these parent litigants with respect to custody and visitation with their minor child.  While the state court may possess the power to amend its orders and judgments, this federal court does not. *Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000).

4.       Accordingly, and for these reasons, the undersigned recommends this matter be remanded to the Benton County Circuit Court pursuant to 28 U.S.C. § 1447(c).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[1] *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923).

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

      **RECOMMENDED** this 22nd day of August 2024.

                        *Christy Comstock*
                        CHRISTY COMSTOCK
                        UNITED STATES MAGISTRATE JUDGE